IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No: 6:12-cv-02007-TC |
| v. | ) |
| **THE WESTERN STATES LAND RELIANCE TRUST,** | ) |
| **Defendant.** | ) |

## DECLARATION OF WILLIAM M. KIME

I, WILLIAM M. KIME, pursuant to 28 U.S.C. § 1746, and based on my personal knowledge, declare and state the following:

1. I, WILLIAM M. KIME, am a Certified Public Accountant and a Senior Managing Director in the consulting firm of FTI Consulting, Inc.("FTI").

2. FTI is under contract with the United States Department of Justice ("DOJ") Environment and Natural Resources Division ("ENRD") to assist in the accumulation, processing and reporting of information relating to costs incurred by the ENRD in the prosecution of cases under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA" or "Superfund"), as amended. The contract commenced with the accumulation of costs for Fiscal Year 1987 (beginning October 1, 1986) and continues through the present.

3. I am the officer/director responsible for the work performed by FTI on behalf of ENRD concerning costs incurred by ENRD relating to the Desler/Plywood Mill Asbestos Site ("Site"). I have

over 32 years of experience in public accounting. Throughout my career I have been heavily involved in providing audit and consulting services to federal government contractors. Moreover, I have over 25 years of experience reviewing costs incurred by the ENRD in connection with response actions under CERCLA. All work performed by staff members of FTI relating to the aforementioned review of DOJ cost documentation relating to the Site was performed under my supervision and control. I have knowledge of all procedures undertaken by FTI in recording and calculating costs of attorneys and paralegals, as well as other related costs incurred by ENRD relating to CERCLA cases.

4.     FTI assisted in the design of the procedures used to accumulate the costs relating to CERCLA cases. The procedures used to assign and allocate costs to specific cases are based on generally accepted accounting principles, including references to cost allocation guidelines outlined in Federal Acquisition Regulations and Cost Accounting Standards.

5.     FTI has accumulated, summarized, and reported costs for all Superfund cases up to and including March 2013. The costs which ENRD has incurred and paid are segregated into three areas. Those areas are: Direct Labor Costs, Other Direct Costs, and Indirect Costs, as more fully described below.

Direct Labor Costs of attorneys and paralegals are calculated using information summarized from daily time information prepared by ENRD employees and bi-weekly salary information supplied to FTI by ENRD. FTI uses all hours (including non-case hours and both Superfund and non-Superfund case hours) accounted for by a particular employee for a bi-weekly period and the employee's bi-weekly salary cost to calculate an effective hourly rate for that period. For example, if an attorney's bi-weekly salary was $4,000 and the attorney accounted for 100 hours that bi-weekly period, the effective hourly rate would be $40. This hourly rate is then multiplied by the hours the employee worked on a case to calculate the cost of direct labor for that case for that period.

Other Direct Costs are expenses specifically identified to a case through ENRD's accounting system. These items include, but are not limited to, costs paid for travel, expert witnesses, special masters, deposition and trial transcripts, and litigation support costs.

In addition to the directly identifiable costs associated with Superfund and other ENRD cases, there are other Indirect Costs incurred by ENRD which support all ENRD cases, both Superfund and non-Superfund. The indirect costs are the types of costs which are incurred to support the functioning of ENRD attorneys during their performance on individual cases. Specifically, these indirect costs include, but are not limited to, indirect labor (e.g., attorney and paralegal administrative time, secretarial support, accounting support, record keeping, and time keeping), compensated absences (e.g., vacation, holiday, and sick time), fringe benefits, office space and utilities, supplies, and training.

The indirect costs are allocated to all individual cases through the use of an indirect cost allocation system designed by us. The indirect cost rate is calculated by dividing the total of the aforementioned indirect costs for a fiscal year by a base consisting of the total ENRD direct labor costs for that fiscal year (i.e., the cost of attorney and paralegal labor for both Superfund and non-Superfund cases) to produce a division-wide indirect cost rate by fiscal year. Thus, if .5% of the total ENRD direct labor costs are incurred on a particular case, then .5% of the total ENRD indirect costs would be allocated to the case.

Through the development and application of the indirect cost rate, only a fraction of ENRD's indirect costs are allocated to Superfund cases. As an example, in fiscal year 2010, $65,966,036, or 84%, of the total indirect costs were allocated to non-Superfund cases.

6. The accumulation and reporting of the costs relating to the case of <u>United States v. Western States Land Reliance Trust</u> were performed in the normal course of our contract with ENRD.

7. Based on the system of accumulating costs as described above and for costs incurred

through April 6, 2013, I have prepared a summary of ENRD's costs relating to the Site. The summary, attached as Exhibit I hereto, shows the total costs for this Site incurred by ENRD during that period of time are $47,140.52.

8. In addition to the aforementioned areas, I have made a calculation of prejudgment interest on the above referenced ENRD costs, as described below:

   a. ENRD expenditures were identified and summarized by the month and fiscal year in which they were incurred based on information as described in the preceding paragraphs.

   b. Expenditures identified as incurred in a particular month were assumed to be incurred on the last day of the month and as a result no interest accrued for that month.

   c. Subsequent to the month the expenditures were incurred, the cumulative balance accrued thirty (30) days interest in a particular month.

   d. The interest rate used is the rate earned by funds in the EPA Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

   e. Interest was computed from November 8, 2012 through April 1, 2013.

   f. Interest was compounded on an annual basis.

   g. In order to arrive at a given month's interest accrual, the cumulative month end balance for the month preceding the calculation month was multiplied by the annual interest rate divided by twelve.

   h. The cumulative month end balances are the sum of all principal expenditures incurred during or prior to that month plus any compounded interest.

   i. The total amount of DOJ prejudgment interest calculated for this Site based upon the methodology described above is $93.73. Documentation of this calculation is attached as Exhibit II hereto.

j.  Therefore the total DOJ costs through April 6, 2013 and DOJ prejudgment interest thereon for this Site is $47,234.25.

9.  In my opinion, the system described above results in the accurate reporting of the direct costs incurred by DOJ-ENRD, and a fair and reasonable allocation of indirect costs.

10. The documents I have relied on in forming these opinions are:

   a.  Billing Summaries prepared by FTI, Fiscal Years 2011 and 2012.

   b.  Office of the Inspector General Audits of ENRD, Fiscal Years 2009 and 2010.

   c.  Time by Attorney/Paralegal Reports and Attorney/Non-Attorney Time On Case Report.

11. I am being compensated at a rate of $285/hour.

I, WILLIAM M. KIME, declare under penalty of perjury that the foregoing is true and correct. Executed in Rockville, Maryland.

_____        _5/3/2013_____
William M. Kime, CPA                    Date
Senior Managing Director

CERTIFICATE OF SERVICE

This is to certify that on the 24th day of May, 2013, a true and correct copy of the foregoing Declaration and attached Exhibits was mailed by First Class Mail, postage pre-paid, to the following Defendant who has not yet entered an appearance at the address listed on the following Service List.

Western States Land Reliance Trust
c/o Daniel J. Desler, Registered Agent
1096 N Street
Springfield, Oregon 97477

                                              /s/ *Danica Anderson Glaser*
                                              **DANICA ANDERSON GLASER**